BULLIS v DOWNES

Docket No. 206276. Submitted October 7, 1999, at Grand Rapids. Decided April 11, 2000, at 9:00 A.M.

Virginia Bullis brought an action in the Ionia Circuit Court against attorney Walter J. Downes, alleging legal malpractice with regard to estate planning services the defendant provided to the plaintiff's mother before her death. The defendant drafted a will and a revocable trust, and the decedent executed both on the same day. Also on that day, the defendant had the decedent execute two deeds transferring to the trust the decedent's home in Lyons and cottage in Kalkaska. The will provided that the plaintiff was to receive both properties, while the decedent's townhouse in Florida was devised to one of the plaintiff's two brothers. The trust provided that all trust property was to be divided equally between the decedent's three children, unless otherwise provided in the trust, and contained no provision regarding how any real property was to be distributed. Following the decedent's death, the plaintiff's brothers argued that the Lyons and Kalkaska properties should be divided equally between the three children. During hearings in the probate court, the defendant stated that it was always the decedent's intent that the plaintiff receive the two properties. The plaintiff and her brothers settled their dispute by giving the Lyons property to a church, the Kalkaska property to the plaintiff, and the Florida property to the two brothers. The plaintiff then brought her malpractice action, alleging that the defendant's negligent handling of the will and trust caused her to lose the Lyons property. The court, Donald A. Johnston, J., granted the defendant's motion for summary disposition, which claimed that the action should be dismissed because without referencing the deeds, which were viewed as extrinsic evidence, the plaintiff was unable to show that the defendant's handling of the estate frustrated the decedent's intent. The plaintiff appealed.

The Court of Appeals held:

1. Beneficiaries named in a will may bring a tort-based action against the attorney who drafted the will for negligent breach of the standard of care owed to the beneficiary by nature of the beneficiary's third-party beneficiary status. The duty owed to named beneficiaries is narrowly circumscribed and only requires the attor-

ney to draft a will that properly effectuates the distribution scheme set forth by the testator in the will. There is also no reason to deny third-party standing to those beneficiaries identified in instruments employed in using alternative methods of estate distribution, such as will substitutes. The third-party beneficiary's standing arises out of the individual's status as a named beneficiary in a decedent's overall estate plan. Standing is limited to those third-party beneficiaries who can establish without the use of extrinsic evidence that the decedent's intent as expressed in the overall estate plan has been frustrated by the attorney who drew up the plan.

2. Under the circumstances of this case, the revocable trust was an integral part of the decedent's estate plan. A revocable trust is a valid will substitute. Contemporaneously executed instruments that transfer property into a revocable trust in order to effectuate the decedent's intended disposition of estate property are part and parcel of the estate plan. Therefore, examining the deed to the Lyons property in order to prove both the decedent's intent and frustration of that intent is not a reference to extrinsic evidence. The plaintiff pleaded a legally sufficient claim of legal malpractice.

Reversed and remanded.

ATTORNEY AND CLIENT — ACTIONS — NEGLIGENCE — ESTATE PLANS — THIRD-PARTY BENEFICIARIES.

Beneficiaries named in a will may bring a tort-based cause of action against the attorney who drafted the will for negligent breach of the duty owed to named beneficiaries to draft a will that effectuates the distribution scheme set forth by the testator in the will; a named beneficiary may not use extrinsic evidence to prove that the testator's intent was other than that set forth in the will; a third-party beneficiary's standing arises out of that person's status as a named beneficiary in the decedent's overall estate plan; where the estate involves more than one instrument, such as will substitutes like revocable trusts, the third-party beneficiary's standing to establish that the testator's intent has been frustrated by the drafting of the will is limited to situations where the beneficiary can establish without extrinsic evidence that the decedent's intent as expressed in the overall estate plan has been frustrated by the attorney who drew up the plan; contemporaneously executed instruments that transfer property into a revocable trust in order to effectuate the decedent's intended distribution of estate property are part of the estate plan and not extrinsic evidence.

*Gruel, Mills, Nims & Pylman LLP* (by *Brion J. Brooks*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Lawrence R. Donaldson*), for the defendant.

Before: Hood, P.J., and Holbrook, Jr., and Fitzgerald, JJ.

Per Curiam. In this legal malpractice claim, plaintiff appeals as of right from an order granting defendant's motion for summary disposition under MCR 2.116(C)(8). We reverse and remand.

This lawsuit is based on the estate planning services defendant provided to the decedent, E. Bernadette Timm. Plaintiff and her two brothers, Charles Timm and Michael Timm, are the adult children of the decedent. In June 1994, defendant drafted a will and a revocable trust pursuant to the decedent's instructions. The decedent's will and trust were first executed on June 16, 1994. However, because the decedent was unhappy with the appearance of her signatures on those documents, defendant prepared another will and trust agreement, which the decedent signed on July 29, 1994. On the same day, defendant also had the decedent execute two deeds, transferring the decedent's home, located in Lyons, Michigan, and her cottage, located in Kalkaska, Michigan, to the trust.

Under the terms of the will, plaintiff was to receive both the Lyons and the Kalkaska properties. The decedent's remaining real property, a Florida townhouse, was devised to Charles Timm. The will also contained a pour-over provision, which stated that the residue of the decedent's estate was to be delivered to plaintiff as successor trustee of the revocable trust. After the decedent's death, all trust property was to be divided equally between the decedent's

three children, unless otherwise provided for in the
trust. The trust did not contain any provision address-
ing how any real property was to be distributed.

After the decedent's death, plaintiff's brothers filed
a petition in the probate court seeking to have plain-
tiff removed as personal representative of the estate.
The brothers alleged that plaintiff had indicated the
intent to convey the Lyons and Kalkaska properties to
herself, which the brothers claimed was contrary to
the express terms of the trust.[1] The brothers argued
that because the two parcels had been previously
deeded to the trust, they should be equally divided
between the decedent's three children. During the
hearing regarding on the brothers' petition, defendant
testified that it was always the decedent's intent that
plaintiff receive the Lyons and Kalkaska properties.
He stated that the two parcels were deeded to the
trust in order "to avoid . . . the Probate Court getting
involved and so that it would pass through the trust,
rather than creating a joint tenancy, or gifting during
her lifetime." Defendant also testified that when he
drafted the trust, he believed that the two parcels
could be conveyed to plaintiff pursuant to the follow-
ing provision:

> The Trustee is authorized, but not required, to pay
> directly or to the Settlor's estate from the principal of the
> trust estate, such amounts as may be needed to pay all or
> any part of Settlor's funeral and cremation expenses, debts
> and legally enforceable claims against the Settlor or Set-
> tlor's estate, reasonable expenses of administration of Set-
> tlor's estate, gifts provided for in Settlor's Last Will and Tes-

---

[1] Plaintiff's brothers also alleged certain other irregularities that are not
part of the appeal.

tament, and any allowances by court order for those depen-
dent upon Settlor.

When asked by plaintiff why he did not specify in the
trust that the decedent's real property should be dis-
tributed according to the terms of the will, defendant
responded, "I—hindsight, I guess, is always
twenty/twenty. The provisions of the will were
clear. . . . Also there's [sic] other references within
the trust agreement to the fact that the provisions of
the will are to be adhered to first."

Eventually, plaintiff and her brothers settled their
dispute. According to the terms of their agreement,
the Lyons property was donated to St. Peter and Paul
Catholic Church in Ionia, Michigan, the Kalkaska
property was given to plaintiff, and the Florida prop-
erty was given to both the brothers. Plaintiff then
sued defendant, claiming that as a result of defend-
ant's negligent handling of the decedent's will and
trust, she lost the Lyons property.[2] Defendant brought
a motion for summary disposition under MCR
2.116(C)(8). Citing *Mieras v DeBona*, 452 Mich 278;
550 NW2d 202 (1996), defendant argued that because
plaintiff was unable to show that defendant's handling
of the estate frustrated the intent of the decedent
without referencing the deeds, plaintiff's cause of
action should be summarily dismissed. The trial court
agreed, reasoning that "the law as it presently stands
in Michigan does not permit a cause of action con-
figured as this one is, to proceed further."

---

[2] Plaintiff also claimed to have lost other property the decedent had
wanted her to receive. For purposes of this appeal, the only property at
issue is the Lyons property.

"This Court reviews decisions on motions for summary disposition de novo." *Auto Club Ins Ass'n v Sarate*, 236 Mich App 432, 434; 600 NW2d 695 (1999).

> MCR 2.116(C)(8) permits summary disposition when the opposing party has failed to state a claim upon which relief can be granted. A motion under this subsection determines whether the opposing party's pleadings allege a prima facie case. The court must accept as true all well-pleaded facts. Only if the allegations fail to state a legal claim is summary disposition . . . valid. [*Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).]

In *Mieras*, our Supreme Court held "that beneficiaries named in a will may bring a tort-based cause of action against the attorney who drafted the will for negligent breach of the standard of care owed to the beneficiary by nature of the beneficiary's third-party beneficiary status." *Mieras, supra* at 308 (opinion by BOYLE, J.). Recognizing that the imposition of such a duty ran counter to the general rule that " ' "an attorney will be held liable for . . . negligence only to his client," ' " *id.* at 298,[3] the Court indicated that this duty would be "narrowly circumscribed . . . ." *Id.* at 302. "The duty owed to named beneficiaries," the Court observed "only requires the attorney to draft a will that properly effectuates the distribution scheme set forth by the testator in the will." *Id.*

The discussion in *Mieras* was framed in terms of examination of a will simply because the only document involved in that case was a will. We do not take this to mean, however, that the rule of *Mieras* is only applicable when the document at issue is a will.

---

[3] Quoting *Atlanta Int'l Ins Co v Bell*, 438 Mich 512, 518; 475 NW2d 294 (1991), quoting 7 Am Jur 2d, Attorneys at Law, § 232, p 274.

Given the realities of modern estate planning, with the proliferating use of alternative methods of estate disposition, we see no reason to deny third-party standing to those beneficiaries identified in these alternative instruments. The reasons that support extending standing to beneficiaries of a will apply with equal force in such situations. We believe this is also true even when the instruments at issue are will substitutes.[4] See *In re Estate of Davidson*, 177 Misc 2d 928, 929-931; 677 NYS2d 729 (Surrogate's Ct, 1998); *Mann v Cooke*, 624 So 2d 785, 786, n 1 (Fla App, 1993).

Indeed, given that the modern estate plan often involves several interlinked modes of distribution, we conclude that it is better to speak of a third-party beneficiary's standing as having arisen out of the individual's status as a named beneficiary in a decedent's overall estate plan. See *Mieras, supra* at 299 (observing that pursuant to "the named beneficiaries' status as third-party beneficiaries . . . , the attorney also owes the beneficiaries a tort-based duty to draft *the documents* with the requisite standard of care") (emphasis added). After all, the contractual promise between an attorney and a decedent that underlies a negligence action is the promise to establish a testamentary scheme by which the decedent's intended disposition of property will be accomplished. That might entail the drafting of a single testamentary doc-

---

[4] Defendant's testimony indicates that at least three will substitutes were contemplated when deciding how best to handle the Lyons property. According to defendant, the creation of a joint tenancy and an inter vivos gift of the property were rejected in favor of deeding the property to the revocable trust.

ument, or it might require the establishment of a more complex testamentary design.

The Court in *Mieras* also took great pains to explain that extrinsic evidence is not to be relied on in a negligence cause of action brought by a named beneficiary against the attorney who drafted a will. In fact, the Court observed that not only is extrinsic evidence not to be used "to prove that the testator's intent is other than that set forth in the will," *id.* at 303, but it also implied that extrinsic evidence should not be used to establish that the testator's intent has been frustrated by the attorney's drafting of the will, *id.* at 303-304. When the estate plan at issue involves more than one instrument, the *Mieras* prohibition on the use of extrinsic evidence means that standing is limited to those third-party beneficiaries who can establish that the decedent's intent as expressed in the overall estate plan has been frustrated by the attorney who drew up that plan.

The question then becomes one of identifying those instruments that make up a decedent's estate plan. We believe it is clear under the circumstances of the case before us that the Timm revocable trust was an integral part of the decedent's estate plan. "The revocable trust is a valid will substitute." Haskell, Preface to Wills, Trusts & Administration (2d ed, 1994), p 126. Although not testamentary in nature, the decedent's trust functions essentially as a testamentary instrument. *In re Estate of Tisdale*, 171 Misc 2d 716, 719; 655 NYS2d 809 (Surrogate's Ct, 1997) ("[T]o consider a revocable trust as a traditional instrument fails to recognize that it actually functions as a will since it is an ambulatory instrument that speaks at death to determine the disposition of the settlor's property.").

Indeed, the decedent's testamentary scheme cannot be fully understood unless the revocable trust is examined.

We also believe that contemporaneously executed instruments that transfer property into a revocable trust in order to effectuate a decedent's intended disposition of estate property are part and parcel of the estate plan. See *In re Estate of Crooks*, 266 Ill App 3d 715, 719-721; 638 NE2d 729 (1994); *In re Estate of Smith*, 256 Cal App 2d 496, 498; 64 Cal Rptr 295 (1967). Such instruments are executed so that the transferred property will pass to the intended beneficiaries under the terms of the trust, free of court supervision. In defendant's words, the goal is "to avoid . . . the Probate Court getting involved." Accordingly, examining the Lyons deed in order to prove both the decedent's intent and frustration of that intent is not a reference to extrinsic evidence.

We recognize that situations will arise where there will be some question whether a transferring instrument like a deed was actually a contemporaneous document executed in order to effectuate the decedent's intent with respect to the overall estate. However, in the case before us there is no doubt that the deed, which was executed on the same day as the will and revocable trust, was drafted with the intent of effectuating the decedent's distributive design. Defendant himself testified that the deed was a part of the decedent's overall estate plan. We see no good reason to turn a blind eye to defendant's own sworn admissions regarding the purpose of the deed. We stress that we are not expressing any opinion regarding the relative merits of plaintiff's case. We only con-

clude that plaintiff has pleaded a legally sufficient claim of legal malpractice.[5]

Accordingly, we conclude that the trial court erred in granting defendant summary disposition on the basis of MCR 2.116(C)(8) because plaintiff has stated a claim upon which relief can be granted.

Reversed and remanded. We do not retain jurisdiction.

---

[5] We state no opinion regarding whether the error in this case occurred in the drafting of the deed itself or in the failure to include in the trust a provision stating that the provisions of the will *must* be followed by the trustee.