# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF TYLER JACOB MAKI,
by his Plenary Guardian MICHAEL PAUL MAKI,

      Plaintiff-Appellant,

v

VICTOR COEN, SOMMERS SCHWARTZ, PC,
PHOEBE J. MOORE, PHOEBE J. MOORE, PC,
and JOHN C. BURNS,

      Defendants-Appellees.

FOR PUBLICATION
January 19, 2017
9:00 a.m.

No. 328704
Oakland Circuit Court
LC No. 2015-146436-NM

---

Before: TALBOT, C.J., and JANSEN and HOEKSTRA, JJ.

JANSEN, J.

Plaintiff appeals as of right the order granting defendants' motion for summary disposition. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from the 1994 birth of Tyler Maki (Tyler), who was born with a congenital birth defect. Tyler's family filed a medical malpractice action on Tyler's behalf against his medical care providers, and defendant Sommers Schwartz, PC, represented Tyler in the medical malpractice suit. The parties settled the lawsuit in 1998, and the medical providers agreed to pay an immediate cash settlement and provide Tyler with regular payments from a structured annuity.

Tyler's mother, Mandy Maki-Childs, was his conservator from November 1998 until October 2006. Defendant Victor Coen represented Maki-Childs in connection with her duties as Tyler's conservator. According to plaintiff, Coen did not include the structured settlement income on the annual accounts he prepared in connection with the conservatorship. Coen allegedly excluded the settlement income because the settlement had confidential terms and a letter from the probate judge did not, in his opinion, require an accounting of the funds. Plaintiff contends that problems developed because of Maki-Childs's failure to account for the settlement funds, and she was removed as conservator.

-1-

Tyler's new conservator, Heidi Brown, filed suit against Maki-Childs in 2009 for her failure to account for the settlement funds during her conservatorship. Defendant John C. Burns represented Brown in that lawsuit. In October 2011, the court entered a judgment against Maki-Childs in the amount of $673,958.15, and Maki-Childs filed for bankruptcy. Defendant Phoebe J. Moore, founder of defendant Phoebe J. Moore, P.C. (collectively, the Moore defendants), replaced Brown as Tyler's conservator in December 2011.

Tyler's father, Michael Paul Maki, was appointed plenary guardian over both Tyler's estate and person. Maki sued defendants on behalf of Tyler's estate, alleging that they "owed Tyler, as their client" a duty of care to provide services as would attorneys of ordinary learning and judgment. Plaintiff alleged that Coen and his employer, Sommers Schwartz, PC (collectively, the Coen defendants), violated their duty of care in connection with the legal services they provided to Maki-Childs during her conservatorship. The complaint specified that the Moore defendants did not timely pursue and preserve Tyler's claims against the Coen defendants. The complaint similarly alleged that defendant Burns should have discovered any meritorious cause of action against the Coen defendants during his representation of conservator Heidi Brown.

The Coen defendants filed a motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of repose), (8) (failure to state claim), and (10) (no genuine issue of material fact). First, they asserted that Michigan's six-year statute of repose for legal malpractice barred the claim and that the tolling provision of MCL 600.5851(1) did not apply. Second, they asserted that plaintiff lacked standing as the real party in interest because Coen's client—the only person entitled to file a malpractice claim—was conservator Maki-Childs. Burns filed a motion for summary disposition under MCR 2.116(C)(8) and (10), arguing that he had no attorney-client relationship with plaintiff and that plaintiff was not the real party in interest. The Moore defendants also moved for summary disposition under MCR 2.116(C)(8) and (10), arguing, in relevant part, that plaintiff lacked standing to file a lawsuit against the Coen defendants.

Plaintiff responded by contending that the suit against the Coen defendants was timely because the statute of limitations was tolled under MCL 600.5851(1) by Tyler's severe mental impairment. Further, plaintiff asserted that the statute of repose did not apply retroactively to bar plaintiff's claim. Plaintiff further argued that even if the court believed that Tyler was not a client of the Coen defendants, they still owed him a duty as an intended and direct third-party beneficiary of the legal relationship between Coen and Maki-Childs. According to plaintiff, all arguments made with respect to the Coen defendants applied equally to Burns and the Moore defendants with the exception that Phoebe Moore was both a conservator and an attorney, so she owed a duty of care to Tyler by statute.

The court concluded that only Maki-Childs had standing to sue the Coen defendants, and the court declined to reach the statute of repose argument because the standing issue was dispositive. The court explained that concluding that the attorney represented both the conservator and the estate would lead to a conflict of interest and that the caselaw cited by plaintiff was distinguishable. Therefore, the court granted summary disposition in favor of defendants.

## II. STANDARD OF REVIEW

We review de novo a motion for summary disposition. *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 445; 886 NW2d 445 (2015). A motion for summary disposition asserting a real-party-in-interest argument falls under either MCR 2.116(C)(8) or (10), depending on the pleadings and other circumstances of the case. *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 411; 875 NW2d 242 (2015). This case presented the legal issue of whether an attorney hired by a conservator represents the conservator or the estate. Accordingly, summary disposition was properly considered under MCR 2.116(C)(8). " 'MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted.' " *Kyocera Corp*, 313 Mich App at 445 (citation omitted). " 'A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Id*. (citation omitted). " 'All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant.' " *Id*. (citation omitted). However, it is insufficient to allege unsupported legal conclusions. *Id*. We also review de novo issues of statutory interpretation and the proper interpretation of a court rule. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 85; 878 NW2d 816 (2016); *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014). Finally, we review de novo the issue whether a person is the real party in interest. *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 354; 833 NW2d 384 (2013).

## III. REAL PARTY IN INTEREST

Plaintiff argues that the trial court erred by granting summary disposition in favor of defendants on the basis that plaintiff was not the real party in interest. Plaintiff contends that it was the real party in interest either because it was the client of the Coen defendants or because it was a third-party beneficiary of the contract between the Coen defendants and Maki-Childs. We disagree.

"An action must be prosecuted in the name of the real party in interest . . . ." MCR 2.201(B).[1] " 'A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another.' " *Beatrice Rottenberg Living Trust*, 300 Mich App at 356 (citation omitted). The rule "requir[es] that the claim be prosecuted by the party who by the substantive law in question owns the claim" that is asserted in the complaint. *Id*. (citation and quotation marks omitted; alteration in original). The crux of defendants'

---

[1] We note that while the trial court and the parties referred to the issue as whether plaintiff had "standing" to file the lawsuit, the issue is more accurately characterized as whether plaintiff was the real party in interest. "[A]lthough the principle of statutory standing overlaps significantly with the real-party-in-interest rule, they are distinct concepts." *Beatrice Rottenberg Living Trust*, 300 Mich App at 355. Statutory standing is a jurisdictional principle, while "the real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another." *Id*.

argument in the trial court was that plaintiff was not the real party in interest because the Coen defendants represented Maki-Childs, rather than the estate. "Absent unique circumstances, an attorney is only liable in negligence to his client." *Mieras v DeBona*, 452 Mich 278, 297; 550 NW2d 202 (1996) (opinion by BOYLE, J).

Resolution of this issue requires interpretation of the relevant statute and court rule. The "goal in interpreting a statute is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Bank of America, NA*, 499 Mich at 85. "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. In addition, we " 'must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.' " *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016) (citation omitted). Finally, "[t]he interpretation and application of a court rule is governed by the principles of statutory construction, commencing with an examination of the plain language of the court rule." *Magdich & Assoc*, 305 Mich App at 275. We determine the intent of the court rule by examining the court rule and its place in the structure of the Michigan Court Rules as a whole. *Id*.

The language of the relevant statute and court rule establish that an attorney hired to perform legal services for a conservator represents the conservator and does not have an attorney-client relationship with the estate. The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., governs the powers of conservators. Under MCL 700.5423(2)(z), a conservator may

> [e]mploy an attorney to perform necessary legal services or to advise or assist the conservator in the performance of the conservator's administrative duties, even if the attorney is associated with the conservator, and act without independent investigation upon the attorney's recommendation. An attorney employed under this subdivision shall receive reasonable compensation for his or her employment. [MCL 700.5423(2)(z).]

The statute clarifies that the attorney performs legal services for the conservator, and advises or assists the conservator in the performance of his or her duties. This language focuses solely on the services and assistance provided to the *conservator,* which establishes that the attorney represents the conservator in the performance of his or her duties. The language in EPIC contrasts with the language of the former Revised Probate Code (RPC), MCL 700.101 *et seq*., which provided, "Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal services *in behalf of the estate* and the counsel shall receive reasonable compensation for the legal services." MCL 700.543 (emphasis added).[2] The plain language of the RPC expressly established that the attorney rendered assistance on behalf of the estate. The Legislature removed this language in EPIC and replaced it with language indicating that the attorney provides legal services and assistance to the conservator. Therefore, we

---

[2] The Legislature repealed the RPC and replaced it with EPIC. See 1998 PA 386.

-4-

conclude that the plain language of the statute establishes that an attorney hired by a conservator represents the conservator, and the attorney does not have an attorney-client relationship with the estate.

The Michigan Court Rules provide further clarification on this issue. MCR 5.117(A) provides, "An attorney filing an appearance on behalf of a fiduciary shall represent the fiduciary." The plain language of this court rule is clear that an attorney appearing in the probate court on behalf a conservator represents the conservator, rather than the estate. Accordingly, we conclude that the plain language of the relevant statute and court rule establish that an attorney employed by the conservator represents the conservator and not the estate.

Plaintiff relies, in part, on this Court's decision in *Steinway v Bolden*, 185 Mich App 234, 237-238; 460 NW2d 306 (1990),[3] for the proposition that "although the personal representative retains the attorney, the attorney's client is the estate, rather than the personal representative." Although this Court concluded in that case that the attorney represented the estate, this Court relied primarily on the repealed provision of the RPC. *Id*. This Court explained that the RPC "authorizes a fiduciary of the estate, such as the personal representative, to 'employ counsel to perform necessary legal services *in behalf of the estate*.' " *Id*. at 237 (citation omitted; emphasis added). Thus, this Court concluded that the RPC allowed a fiduciary to hire an attorney to perform legal services *on behalf of the estate*, suggesting that the estate was the client. However, because EPIC did not retain the same language, we conclude that plaintiff's reliance on *Steinway* is misplaced.

Plaintiff also argues that, even if this Court concludes that plaintiff was not Coen's client, plaintiff was nevertheless able to bring a tort-based cause of action against the Coen defendants because it was third-party beneficiary of the contract between Coen and Maki-Childs. Plaintiff's argument fails because it did not plead facts demonstrating its status as a named beneficiary of the contract between Coen and Maki-Childs. Plaintiff relies on our Supreme Court's decision in *Mieras* to argue that it was a third-party beneficiary of a contract between Coen and Maki-Childs. In *Mieras*, our Supreme Court outlined an exception to the general rule that an attorney is only liable in negligence to his client. *Mieras*, 452 Mich at 297 (opinion by BOYLE, J.).[4] The Court concluded that "beneficiaries named in a will may bring a tort-based cause of action against the attorney who drafted the will for negligent breach of the standard of care owed to the beneficiary by nature of the beneficiary's third-party beneficiary status." *Id*. at 308. The Court explained that "the duty owed to named beneficiaries is narrowly circumscribed and only requires the attorney to draft a will that properly effectuates the distribution scheme set forth by the testator in the will." *Id*. at 302. The Court further explained that recognizing a cause of action in this narrow instance would not create a conflict of interest between the attorney and the beneficiaries for two reasons. First, beneficiaries have no rights under a will until the testator's

---

[3] Because *Steinway* was published before November 1, 1990, it is not binding. See MCR 7.215(J)(1).

[4] Justice BOYLE's opinion was joined by the majority of justices of the Michigan Supreme Court. *Mieras*, 452 Mich at 308 (opinion by BOYLE, J.).

death, and second, the only obligation owed to the beneficiaries is to exercise the standard of care in fulfilling the intent of the testator as described in the will. *Id*. at 301. This Court expanded the *Mieras* exception by concluding that it applied to beneficiaries named in estate planning documents aside from wills. *Bullis v Downes*, 240 Mich App 462, 467-468; 612 NW2d 435 (2000). However, plaintiff cites no caselaw extending this third-party beneficiary exception to anyone other than the named beneficiaries of a testamentary instrument that does not effectuate the intent of the testator.

Plaintiff also cites *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 571 NW2d 716 (1997), in support of his third-party beneficiary argument. In *Beaty*, the plaintiff sued the defendant attorneys, who represented the bankruptcy trustee of her deceased husband's corporation, because of their failure to successfully litigate a life insurance claim. *Id*. at 249-250. One of the plaintiff's theories of malpractice was that she was a third-party beneficiary of the contract to prosecute the claim. *Id*. at 259. Citing *Mieras*, our Supreme Court explained that "[i]n a situation such as this, third-party beneficiary liability is premised on the concept that the initial attorney-client contract was so unquestionably for the benefit of the third party that that third party can maintain a suit for negligence by the attorney." *Id*. But the Court explained that the plaintiff's theory was "flawed" because any benefit to a third-party beneficiary must be direct, and the benefit to her was indirect because any funds recovered would pay off creditors of the bankruptcy estate. *Id*. at 259-260. The *Beaty* Court also held that the plaintiff's claim was "fatally defective" because she "failed to plead facts demonstrating her status as a named beneficiary of the contract" between the bankruptcy trustee and the law firm. *Id*. at 260.

The same conclusion applies to the instant case because plaintiff's second amended complaint never pleaded that Tyler or his estate was a named beneficiary of any contract between the Coen defendants and conservator Maki-Childs. Plaintiff asserts that Coen and the other defendant attorneys knew that their services were for Tyler's benefit. But mere knowledge of a benefit to a third party is not enough. Thus, plaintiff's failure to plead its status as a third-party beneficiary of a contract between Coen and Maki-Childs is fatal to its third-party beneficiary theory of malpractice liability.

Because we conclude that the Coen defendants represented only Maki-Childs, plaintiff cannot assert malpractice against the Coen defendants in the instant suit because it is not the real party in interest. See MCR 2.201(B).[5] Additionally, plaintiff's claims against Burns and the Moore defendants fail. The Moore defendants and Burns could not have sued the Coen

---

[5] We acknowledge that the decision in this case raises policy concerns regarding the fact that a protected individual, the party on whose behalf the conservator performs his or her duties, cannot bring a malpractice action against the attorney representing the conservator. However, we cannot " 'substitute our own policy decisions for those already made by the Legislature.' " *Maier v Gen Tel Co of Mich*, 247 Mich App 655, 664; 637 NW2d 263 (2001) (citation omitted). This Court's duty is to interpret the plain language of the statute, which in this case establishes that an attorney hired by a conservator represents the conservator. Therefore, this policy question is properly directed toward the Legislature. See *id*.

defendants because the estate was not the client of the Coen defendants. Therefore, Burns and the Moore defendants could not have committed malpractice by failing to discover and prosecute a cause of action against the Coen defendants earlier. Because we conclude that the trial court properly determined that plaintiff was not the real party in interest with regard to the legal malpractice claim, we need not reach the alternative issue of whether plaintiff's legal malpractice claim was barred by the statute of repose. For the same reason, we also decline to address plaintiff's argument that there existed a genuine issue of material fact regarding whether defendants held themselves out as representing the estate.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Joel P. Hoekstra