# STATE OF MICHIGAN

# COURT OF APPEALS

TRACY C BRICKEY and BRANDY BRICKEY,

        Plaintiffs-Appellants,

v

VINCENT LAVON MCCARVER and CR
MOTORS OF ADRIAN, INC.,

        Defendants-Appellees.

FOR PUBLICATION
April 17, 2018
9:10 a.m.

No. 337448
Lenawee Circuit Court
LC No. 16-005615-NI

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

BOONSTRA, P.J.

In this third-party no-fault action, plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(8). We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff Tracy Brickey (Tracy) was operating his motorcycle on US 223 when he was struck by a vehicle driven by defendant Vincent McCarver (McCarver). Tracy was severely injured.

Plaintiffs filed suit against defendants, arguing that (1) McCarver negligently operated a vehicle and caused injury to Tracy, (2) CR Motors was liable for McCarver's negligence under Michigan's owner's liability statute and the doctrine of negligent entrustment, and (3) McCarver's negligence additionally resulted in plaintiff Brandy Brickey's loss of consortium. Defendants answered the complaint and also moved for summary disposition under MCR 2.116(C)(8) and (10). Defendants contended in their motion that the motorcycle Tracy was operating at the time of the accident was uninsured, and that plaintiffs accordingly were precluded from recovery under MCL 500.3135(2)(c). The trial court agreed, relying on *Braden v Spencer*, 100 Mich App 523; 299 NW2d 65 (1980), and granted summary disposition in favor of defendants under MCR 2.116(C)(8) (failure to state a claim on which relief may be granted). It subsequently denied plaintiffs' motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012), citing *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010), citing *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). Summary disposition under MCR 2.116(C)(8) is appropriately granted if the opposing party has failed to state a claim on which relief can be granted. *Id.* "When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party." *Dalley*, 287 Mich App at 304-305, citing *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) "should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998), citing *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

We also review de novo questions of statutory interpretation. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition in favor of defendants because MCL 500.3135(2)(c), by its plain language, only applies to uninsured "motor vehicles," as opposed to motorcycles, and therefore does not limit plaintiffs' right to seek damages in tort. We agree.

"The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Stanton v City of Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002), citing *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). " 'To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language.' " *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008), quoting *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). "Our primary focus" in statutory interpretation "is the language of the statute under review." See *People v Harris*, 499 Mich 332, 345; 885 NW2d 832 (2016). If the language is unambiguous, the intent of the Legislature is clear and " 'judicial construction is neither necessary nor permitted.' " *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187.

The words of the statute provide the best evidence of legislative intent and the policy choices made by the Legislature. *White v City of Ann Arbor*, 406 Mich 554, 562; 281 NW2d 283 (1979). Our role as members of the judiciary is not to second-guess those policy decisions or to change the words of a statute in order to reach a different result. In fact, a "clear and unambiguous statute leaves no room for judicial construction or interpretation." *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993). Therefore, we start by examining the words of the statute, which "should be interpreted on the basis of their ordinary meaning and the context within which they are used in the statute." *People v Zajaczkowski*, 493 Mich 6, 13; 825

NW2d 554 (2012); *Harris*, 499 Mich at 435. See also *Spectrum Health Hospitals v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).

"Any issues relating to the soundness of the policy underlying the statute or its practical ramifications are properly directed to the Legislature." *Maier v Gen Tel Co of Mich*, 247 Mich App 655, 664; 637 NW2d 263 (2001). "[W]e may not read into the statute what is not within the Legislature's intent as derived from the language of the statute." *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010) (quotation marks and citation omitted).

MCL 500.3135(2)(c) provides in relevant part:

(2) For a cause of action for damages pursuant to subsection (1) filed on or after July 26, 1996, all of the following apply:

\* \* \*

(c) Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred.

Section 3101 in turn provides: "(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." MCL 500.3101(1). "Motor vehicle" for the purposes of Chapter 31 of the insurance code of 1956 is defined as a "vehicle, including a trailer, that is operated or designed for operation on a public highway by power other than muscular power and has more than 2 wheels." MCL 500.3101(2)(i). The definition of motor vehicle "does not include any of the following: (*i*) A motorcycle." MCL 500.3101(2)(i)(*i*).

Inasmuch as the statute explicitly excludes motorcycles from the definition of "motor vehicle," and therefore from the preclusive effect of MCL 500.3135(2)(c), the plain language of the statute unambiguously refutes the trial court's statutory interpretation. See *Robinson*, 486 Mich at 15. Moreover, the trial court errantly relied upon *Braden*, 100 Mich App at 529, for the proposition that, despite the explicit exclusion of motorcycles from the definition of motor vehicle, uninsured operators of motorcycles are also subject to the proscriptions of MCL 500.3135(2)(c). *Braden* is not only not binding on this Court, MCR 7.215(J)(1), but is inapposite factually and legally. In *Braden*, the plaintiff did not sue to recover noneconomic loss, as in this case, but instead filed a complaint "for property damage to his motorcycle resulting when it collided with an automobile owned and operated by [the] defendant." *Braden*, 100 Mich App at 525. The trial court held that, under MCL 500.3135, the defendant was not shielded from tort liability because the plaintiff was operating a motorcycle at the time of the accident. *Id*. On appeal, this Court reversed, holding that "[t]he exclusion of motorcycles from the [no-fault act's] definition of motor vehicles does not illustrate a legislative intent to exempt motorcyclists from the *effect of the abolition of tort liability* by § 3135." *Id*. at 529 (emphasis added). Defendant now contends that the above language necessarily means that the term "motorcycle" must be read into every provision of MCL 500.3135.

Importantly, however, the statute at issue in *Braden* was quite different from the one that exists today. See MCL 500.3135, as amended by 1979 PA 147. In *Braden*, the Court was solely concerned with the application of what is now MCL 500.3135(3).[1] See *Braden*, 100 Mich App at 525-526. Subsection (2)(c) was not added to the statute until 1995—15 years after *Braden*. See MCL 500.3135, as amended by 1995 PA 222.

Subsection (3) provides, in pertinent part: "(3) Notwithstanding any other provision of law, *tort liability* arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101 was in effect is abolished . . . ." MCL 500.3135(3) (emphasis added). In other words, and unlike subsection (2)(c), subsection (3) deals with a party's exposure to tort liability as opposed to a party's right to recover damages, and extinguishes tort liability for noneconomic losses for drivers of motor vehicles who carry proper insurance, apart from the exceptions found in MCL 500.3135(1). Subsection (3) has nothing to do with a *plaintiff's* right to recover damages, and instead has everything to do with a *defendant's* liability, irrespective of the plaintiff or the plaintiff's mode of travel. See MCL 500.3135(3). Accordingly, it was irrelevant in *Braden* that the plaintiff was a motorcyclist, because the defendant was in any event immune from tort liability for the type of damages sought by the plaintiff. *Braden*, 100 Mich App at 529. Consequently, even if we were bound by *Braden*, our decision would not conflict with its essential holding. See *Braden*, 100 Mich App at 529.

In essence, defendants ask this Court to add language into subsection (2)(c), such that it might read: "Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle *[or motorcycle]* the security required by section 3101 [or 3103] at the time the injury occurred." MCL 500.3135(2)(c) (emphasis added). To read the statute in such a manner would require an impermissible judicial construction of an unambiguous statute. See *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187. We decline defendants' invitation to so interpret an unambiguous statutory provision.[2]

Notwithstanding the above, defendants contend that subsection (2)(c) must apply to motorcycles because, although not required by section 3101, motorcycles are still required to be insured under MCL 500.3103, and public policy dictates that any operator of a motorcycle —like a motor vehicle—who has failed to obtain insurance coverage as required by law, should be

---

[1] At the time, subsection (3) was codified as Subsection (2). MCL 500.3135(2), as amended by 1972 PA 294; MCL 500.3135(3). The relevant language analyzed in *Braden*, however, is verbatim to the language of subsection (3) today. See MCL 500.3135(3); *Braden*, 100 Mich App at 526.

[2] Even assuming arguendo that *Braden* did support defendants' reading of MCL 500.3135(2), we are mindful that clear statutory language must prevail when "caselaw clearly misinterprets the statutory scheme at issue." *Covenant Med Center, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 201; 895 NW2d 490 (2017); see also *W.A. Foote v Mich Assigned Claims Plan*, 321 Mich App 159, 190 n 16; ___ NW2d ___ (2017).

barred from recovering tort damages. Indeed, section 3103 provides, in pertinent part: "(1) An owner or registrant of a motorcycle shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by a person arising out of the ownership, maintenance, or use of that motorcycle." MCL 500.3103(1).

However, it is for the Legislature, not this Court, to address the policy-making considerations that are inherent in statutory law-making. See *Maier*, 247 Mich App at 664; *W.A. Foote v Mich Assigned Claims Plan*, 321 Mich App 159, 190, n 16; ___ NW2d ___ (2017). Moreover, defendants' reliance on section 3103 hinders, rather than helps, their argument. The plain language of section 3103 demonstrates that when the Legislature *intends* for corollary rules to exist as between motor vehicles and motorcycles, it explicitly enacts those rules. Therefore, for example, section 3101 creates a requirement that certain motor vehicles are insured, and section 3103 creates a similar requirement for motorcycles. See MCL 500.3101; MCL 500.3103. Similarly, MCL 500.3113, which limits the entitlement of certain persons to recover personal injury protection benefits, contains the exact language that defendants would have this Court to read into MCL 500.3135(2)(c):

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle *or motorcycle* involved in the accident with respect to which the security required by section 3101 *or 3103* was not in effect. [MCL 500.3113(b) (emphasis added).]

The Legislature's omission of a term in one portion of a statute that is contained in another should be construed as intentional. *Michigan v McQueen*, 293 Mich App 644, 672; 811 NW2d 513 (2011). Similarly, the Legislature's use of different terms suggests different meanings. See *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 14; 795 NW2d 101 (2009).

The language of MCL 500.3135(2)(c) is unambiguous: individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages. MCL 500.3135(2)(c). Motorcycles are not motor vehicles under the no-fault act. MCL 500.3102(2)(i)(*i*). Accordingly, MCL 500.3135(2)(c) does not limit the right of motorcyclists to recover damages.

Plaintiffs contend in the alternative that, even assuming that subsection (2)(c) applies to motorcyclists, the trial court nonetheless erred by dismissing *all* of plaintiffs' claims because subsection (2)(c) only limits actions for noneconomic damages. Having held that subsection (2)(c) does not apply to motorcyclists, however, we need not reach that question, which in any event was not raised below until reconsideration. See *Vushaj v Farm Bureau Gen Ins Co*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause