PIASECKI v CITY OF HAMTRAMCK

Docket No. 222890. Submitted November 7, 2001, at Detroit. Decided
December 21, 2001, at 9:10 A.M.

Patricia Piasecki brought an action in the Wayne Circuit Court against
the city of Hamtramck and Gary Zych, the mayor of Hamtramck,
alleging that she was discharged from her employment as the
income tax director, contrary to public policy, because she refused
to violate the law and provide allegedly confidential tax informa-
tion to the mayor. The mayor sought a status report regarding
action taken to collect back income taxes owed to the city by a for-
mer mayor who pleaded guilty to charges regarding the failure to
report federal income tax. The defendants moved for summary dis-
position, alleging it was not illegal to provide the information to the
mayor and therefore the termination of the plaintiff's employment
was not for refusing to violate the law. The court, Daphne Means
Curtis, J., denied the motion. The defendants appealed by leave
granted.

The Court of Appeals held:

The city's income tax ordinance provides that information gained
by the plaintiff as the result of investigations conducted in her
capacity as income tax director is confidential. However, the ordi-
nance provides an exception where the information gained is for
official purposes in connection with the administration of the
income tax ordinance. The mayor had an official purpose in
requesting the information, and the official purpose was in connec-
tion with the administration of the ordinance. The request fell
within the exception to the requirement of confidentiality, and the
plaintiff would not have committed a crime had she divulged the
information to the mayor. The order denying the motion for sum-
mary disposition must be reversed, and the matter must be
remanded for entry of an order of summary disposition in favor of
the defendants.

Reversed and remanded.

*Huizenga & Hergt, P.C.* (by *Rudy J. Huizenga*), for
the plaintiff.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses, P.C.* (by *Mark H. Fink, Harvey R. Heller,* and *Steven M. Wolock*), for the defendants.

Before: ZAHRA, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order denying defendants' motion for summary disposition under MCR 2.116(C)(8) and (10). We reverse and remand.

This case arises from plaintiff's discharge from her position as director of income tax for defendant city of Hamtramck. Former Hamtramck Mayor Robert Kozaren appointed plaintiff to the position. Plaintiff was appointed to the same position by Kozaren's successor, defendant Gary Zych. As director of income tax, plaintiff reported directly to the mayor.[1]

After learning that Kozaren pleaded guilty to charges in connection with his failure to report federal income tax, defendant Zych sent plaintiff a memo, dated May 15, 1998, instructing plaintiff to "take immediate action to acquire the back income taxes owed to the city by Robert Kozaren and report to this office within one week with a status report." In a response letter, dated May 20, 1998, plaintiff stated that she could not comply with the request for a status report on the matter because city ordinance and state law precluded her from divulging confidential tax information. Thereafter, defendant Zych dis-

---

[1] It is undisputed that plaintiff was an at-will employee of the city of Hamtramck. In February 1998, plaintiff signed a statement and acknowledgment of employment conditions, which states in part: "I understand that my employment and compensation can be terminated at anytime, with or without cause, and with or without notice, at my option or at the option of the Mayor of the City of Hamtramck."

charged plaintiff from the position as director of
income tax. Plaintiff brought the instant action, alleg-
ing she was discharged, contrary to public policy,
because she refused to violate the law and provide
confidential information to the mayor. Defendants
moved for summary disposition, claiming it was not
illegal for plaintiff to provide the information
requested by defendant Zych and, therefore, it could
not be said that plaintiff was discharged for refusing
to violate the law. The trial court denied defendants'
motion. This Court granted defendants leave to
appeal.

We review de novo a trial court's decision on a
motion for summary disposition. *Spiek v Dep't of
Transportation*, 456 Mich 331, 337; 572 NW2d 201
(1998). Likewise, issues arising from the interpreta-
tion and application of statutes are reviewed de novo.
*Oakland Co Bd of Co Rd Comm'rs v Michigan Prop-
erty & Casualty Guaranty Ass'n*, 456 Mich 590, 610;
575 NW2d 751 (1998). In reviewing a motion for sum-
mary disposition under MCR 2.116(C)(10),[2] we con-
sider the affidavits, pleadings, depositions, admis-
sions, or any other documentary evidence submitted
in a light most favorable to the nonmoving party to
decide whether a genuine issue of material fact
exists. *Ritchie-Gamester v City of Berkley*, 461 Mich
73, 76; 597 NW2d 517 (1999); *Rollert v Dep't of Civil
Service*, 228 Mich App 534, 536; 579 NW2d 118 (1998).
All reasonable inferences are resolved in the nonmov-

---

[2] Although defendants' motion was based on MCR 2.116(C)(8) and (10),
we analyze the motion under MCR 2.116(C)(10) because the record indi-
cates the trial court reviewed matters outside the pleadings. *Spiek, supra*
at 338.

ing party's favor. *Hampton v Waste Mgt of Michigan, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999).

The primary goal of judicial interpretation of statutes[3] is to ascertain and give effect to the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If the plain and ordinary meaning of a statute is clear, judicial construction is neither necessary nor permitted. *Elia v Hazen*, 242 Mich App 374, 381; 619 NW2d 1 (2000). We may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). When reasonable minds may differ regarding the meaning of a statute, the courts must look to the object of the statute and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

Directly at issue in this case is § 74 of the Hamtramck Uniform City Income Tax Ordinance. Section 74 provides:

> (1) Information gained by the administrator, city treasurer or any other city official, agent or employee as a result of a return, investigation, hearing or verification required or authorized by this ordinance is confidential, except for official purposes in connection with the administration of the ordinance and except in accordance with a proper judicial order.

---

[3] The rules of statutory construction also apply to the interpretation of municipal ordinances. *Gora v Ferndale*, 456 Mich 704, 711; 576 NW2d 141 (1998).

(2) Any person who divulges this confidential information, except for official purposes, is guilty of a misdemeanor and subject to a fine not exceeding $500.00 or imprisonment for a period not exceeding 90 days, or both, for each offense. In addition, an employee of the city who divulges this confidential information is subject to discharge for misconduct.[4]

We conclude that the plain language of the ordinance did not preclude plaintiff from divulging the information requested by defendant Zych. Subsection 74(1) plainly provides that information gained by plaintiff as the result of investigations in her capacity as director is confidential.[5] However, the section provides a specific exception where the information gained is "for official purposes in connection with the administration of the ordinance . . . ." Thus, the dispositive question becomes whether defendant Zych's request for the information constituted an official purpose in connection with the administration of the income tax ordinance.

---

[4] That section conforms to § 74 of the City Income Tax Act, MCL 141.674.

[5] Neither party disputes that the investigation requested by defendant Zych was "required or authorized" by the ordinance. Section 73 of the Hamtramck Uniform City Income Tax Ordinance provides:

(1) The administrator personally, or his duly authorized agent or a duly authorized city employee, may examine the books, papers, and records of any person, employer, taxpayer or his agent or representative, for the purpose of verifying the accuracy and completeness of a return filed, or, if no return was filed, to ascertain the tax, withholding, penalties or interest due under this ordinance.

(2) The administrator or his duly authorized agent may examine any person, under oath, concerning income which was or should have been reported for taxation under this ordinance, and for this purpose may compel the production of books, papers and records and the attendance of all parties before him, whether as parties or witnesses, if he believes such persons have knowledge of such income.

It is clear from defendant Zych's memo to plaintiff that his purpose in seeking a "status report" in regard to Kozaren was to collect back taxes owed the city by Kozaren. A plain reading of the Hamtramck income tax ordinance establishes that the purpose of the ordinance is to facilitate collection of income taxes owed the city. Plaintiff acknowledged during a deposition that the mayor's principle responsibilities were to secure adequate revenue to deliver city services and to ensure that city services were administered efficiently. Under these circumstances, we conclude as a matter of law that defendant Zych had an official purpose in requesting the information.

We further conclude as a matter of law that defendant Zych's official purpose for obtaining the information was in connection with the administration of the ordinance. The Charter of the City of Hamtramck provides, in relevant part, that the mayor is "the chief executive officer of the city" and is responsible for ensuring "that the laws relating to the city and the ordinances and regulations adopted by the city council are enforced." Hamtramck Charter, ch IX, § 1. The Hamtramck Uniform City Income Tax Ordinance does not define what is meant by "administration" of the ordinance. Nor does the city charter specifically define the term "enforce." Therefore, it is proper to rely on dictionary definitions in determining the meaning of the terms. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994). "Administration" is defined, in part, as "the management and direction of a government, business, institution, or the like." *Random House Webster's College Dictionary* (1997). "Enforce" means to "compel obedience to." *Id.* Both terms are rooted in the power to influ-

ence or control. See *id.*, defining "direction," in part, as "control; supervision" and "compel," in part, as "to secure or bring about by force or power." As such, we conclude that the mayor's general obligation to enforce the city's ordinances necessarily includes "administration" of the income tax ordinance as that term is used in the exception provided in subsection 74(1).

Therefore, defendant Zych's request for the "status report" fell within the exception of § 74, and plaintiff would not have committed a crime had she divulged the information requested by defendant Zych. Accordingly, defendants were entitled to summary disposition of plaintiff's claim that she was discharged because she refused to violate the law.

Reversed and remanded for entry of summary disposition for defendants. We do not retain jurisdiction.