*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALVIN NABIL ALOSACHI,

        Petitioner-Appellant,

v

CITY OF DETROIT,

        Respondent-Appellee.

UNPUBLISHED
April 21, 2022
APPROVED FOR
PUBLICATION
July 14, 2022
9:00 a.m.

No. 356583
Wayne Circuit Court
LC No. 19-007388-AA

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals by leave granted[1] the circuit court's order affirming respondent's Board of Zoning Appeals' (BZA) decision, which had affirmed respondent's Buildings, Safety Engineering, and Environmental Department's (BSEED) decision denying petitioner's application to operate a medical-marijuana "provisioning center." We affirm.

## I. BACKGROUND

Petitioner sought permission to operate a medical-marijuana provisioning center (the facility) at 16711 Mack Avenue in Detroit. The City permits such facilities, subject to certain restrictions; the pertinent restriction here is that the City may not approve such a facility within a "drug-free zone." Detroit Ordinances, § 50-3-534(b)(1). The ordinance defines "drug-free zone" in relevant part as the area "within 1,000 radial feet of the zoning lot of . . . [a] school . . . ." Detroit Ordinances, § 50-3-533. The BSEED denied petitioner's application on the ground that his

---

[1] *Alosachi v Detroit*, unpublished order of the Court of Appeals, entered May 12, 2021 (Docket No. 356583).

-1-

proposed facility was located within 1,000 feet of a drug free zone, more specifically, St. Clare of Montefalco Catholic School. The school classroom building is located diagonally across from the proposed facility at the corner of Mack and Whitter Avenues in neighboring Grosse Pointe Park. Directly next to it is the St. Clare of Montefalco Catholic Church, which operates the school, and a gymnasium. The tract upon which the school and church sit consists of 26 contiguous lots, all of which are owned by a single entity.

The BSEED reached its conclusion by deeming the "zoning lot" of the school to comprise all 26 lots; because the proposed facility would be located only 872.8 feet from the outermost corner of the tract—a lot occupied by the church—the BSEED concluded that the entire tract, and not just the lots upon which the school is built, constituted the "zoning lot" for purposes of recognizing the radius of the "drug-free zone." After BSEED's denial of petitioner's application, petitioner filed an appeal with the BZA, which agreed that the proposed facility was within a drug-free zone and thus affirmed the denial of petitioner's application. Petitioner then appealed to the circuit court. In its ruling, the circuit court acknowledged that the proposed facility was more than 1,000 feet from the school itself, but felt obliged to defer to the BZA's "broader definition of a zoning lot," and so affirmed the BZA. This appeal followed.

## II. STANDARD OF REVIEW

"The circuit court is authorized under the [Michigan Zoning Enabling Act] to review the decision of a [BZA] to determine whether the decision of the [BZA] (a) complied with the Constitution and laws of this state, (b) was based on proper procedure, (c) was supported by competent, material, and substantial evidence, and (d) represented the [BZA]'s reasonable exercise of discretion." *Olsen v Chikaming Twp*, 325 Mich App 170, 179; 924 NW2d 889 (2018). This Court reviews a circuit court's appellate review of a decision of a board of zoning appeals de novo "to determine whether the circuit court 'applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [BZA's] factual findings.' " *Id. at* 180. However, we give "great deference to the trial court and zoning board's findings." *Norman Corp v City Of E Tawas*, 263 Mich App 194, 198; 687 NW2d 861 (2004).

The rules of statutory construction apply to the interpretation of ordinances. *Piasecki v Hamtramck*, 249 Mich App 37, 40 n 3; 640 NW2d 885 (2001). And, "[t]he proper interpretation and application of a statute presents a question of law that we consider de novo." *Tomecek v Bavas*, 482 Mich 484, 490; 759 NW2d 178 (2008).

## III. ANALYSIS

The locations and measurements involved in this case are not in dispute. Because none of the City's ordinances prohibits medical-marijuana facilities within any particular proximity to a church, this case turns on whether the definition of "zoning lot" includes just the lots upon which the school sits (as petitioner argues), or instead includes all of the lots owned by the entity that owns the church and school property (as respondent contends). The City has not asserted any other basis for denying approval.

The City's zoning ordinance provides several alternative definitions of "zoning lot":

A single tract of land located within a single block that at the time of filing for a building permit is designated by its owner or developer as a tract to be used, developed, or built upon as a unit under single or unified ownership or control. Such lot shall have frontage on a street, or permanent means of access to a street, other than an alley, and may consist of:

(1) A single lot of record;

(2) A portion of a lot of record;

(3) A combination of complete lots of record, of complete lots of record and portions of lots of record, or of portions of lots of record;

(4) A parcel of land described by metes and bounds. [Detroit Ordinances, § 50-16-284].

The above ordinance defines "lot" as "Same as 'Zoning lot.' " It also defines "lot of record" in relevant part as "[a] lot that is part of a subdivision, the plat of which has been recorded in the office of the County Register of Deeds." *Id.* All of the lots in the tract with the school and church are part of a subdivision, as are the two lots upon which petitioner' proposes to open his facility.

The ordinance at issue provides, at its outset, that the definition of a "zoning lot" is a single tract of land that "at the time of filing for a building permit" is to be "used, developed, or built upon as a unit under single or unified ownership or control." "Tract" is not defined in the Detroit Ordinances, but is defined in Black's Law Dictionary (11th ed.) as "a specified parcel of land." The ordinance defines "parcel" as "[a] continuous portion of land that is assigned a unique identification number by the Office of the Assessor." Detroit Ordinances, § 50-16-284. Thus, a "zoning lot" is first, and foremost, a single, continuous portion of land that is assigned a unique identification number by the Officer of Assessor.

A 2018 multi-page deed, through which the Catholic Church's Detroit Archdiocese transferred the St. Clare of Montefalco Parish (as well as many other parishes) to the entity that currently owns it, lists a single tax parcel number assigned to a span of lot numbers comprising the church, school, gymnasium, (and adjoining lots). Information was provided at the public hearings that the City of Detroit treated and viewed the school and church as being on a single parcel and that it measured the school zoning lot as being within 1000 feet of petitioner's proposed facility. While the school and church are not located in the City of Detroit and the *Detroit* Office of the Assessor likely did not assign the church and school their single tax parcel identification number, the fact remains that the entity in charge of assigning tax parcel identification numbers for Grosse Pointe Park (where the church and school are located) elected to assign a single tax identification number in this instance. Respondent, having no authority to do otherwise, dutifully respected that assignment. We thus find that because the church and school are on a continuous portion of land that is assigned a unique identification number by the Officer of Assessor authorized to do so, the first part of the definition of a single "zoning lot" is fulfilled in favor of the City of Detroit's position.

The next part of the definition of "zoning lot" set forth in Detroit Ordinances, § 50-16-284 provides that the single tract of land (i.e., the continuous portion of land that is assigned a unique identification number by the Officer of Assessor) must, "at the time of filing for a building permit" be designated by its owner "to be used, developed, or built upon as a unit under single or unified ownership or control." The record does not include the building permits for the school and church such that we are not privy to the owner's designation of the tract at issue. However, having found that the church and school occupy the same, single tract of land, for purposes of Detroit Ordinances, § 50-16-284, we further note that the tract is bigger than the land sitting underneath the school classroom building. Were the church to be demolished and the school classroom building to remain standing, the tract of land would remain the same.

Next, the tract of land appears to have been "used, developed, or built upon as a unit." Detroit Ordinances, § 50-16-284. Information was also provided at the public hearings that students of the school go to the church every morning for 8:15 a.m. mass, and additionally go to the church for thrice weekly prayers as well as other school activities. Further information was provided that the church and school share a parking lot and that students are dropped off in the parking lot by parents for the school day. The church, then, is not simply a church used only by congregants for worshiping, and the school is not limited to the building containing classrooms; the two act in constant conjunction with each other. Indeed, the school is named the "St. Clare of Montefalco Catholic School," recognizing that the church is not merely incidental to the use and purpose of the school. Much like a college is often a campus comprised of a number of buildings which may each be used for different purposes (cafeteria, auditorium, classrooms, dormitory, etc.), the college educational institution itself encompasses all of the buildings, part and parcel. The focus, then, for determining the zoning lot upon which a school stands is not necessarily on the specific name given to a particular building.

Finally, there is no dispute that the property upon which the church, school, and gymnasium sit were and are owned by a single owner. The Catholic Church's Detroit Archdiocese transferred all of the property and land upon which the school, church, and gymnasium to its current owner in 2018 and the legal description of the property transferred includes all of the lot numbers upon which the church, school, and gymnasium sit.

The next portion of the Detroit Ordinance defining "zoning lot" states that such lot *may* consist of:

(1) A single lot of record;

(2) A portion of a lot of record;

(3) A combination of complete lots of record, of complete lots of record and portions of lots of record, or of portions of lots of record;

(4) A parcel of land described by metes and bounds. [Detroit Ordinances, § 50-16-284 (emphasis added)].

"May" is a permissive term, indicating possibilities, not requirements. See, e.g., *In re Forfeiture of Bail Bond*, 496 Mich 320, 328; 852 NW2d 747 (2014). "May" thus also indicates that the four provided definitions of what a zoning lot *could* consist of is not meant to be exhaustive

-4-

or all-inclusive. We are satisfied that the City of Detroit's construction and definition of "zoning lot" in this matter well comports with the purposes of the zoning scheme. See *Piasecki*, 249 Mich App at 40 (this Court "must look to the object of the statute . . . and apply a reasonable construction that best accomplishes the purpose of the statute"). Given that the purposes of the relevant ordinances are to enable regulation of land uses and prohibit medical-marijuana facilities within drug-free zones (including schools), some flexibility in determining the extent of property subject to regulation when parties apply for building permits seems consistent with that purpose. We therefore hold that the circuit court properly affirmed the BZA's decision affirming BSEED's denial of petitioner's application.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto