*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHRYN MUVRIN,

Plaintiff-Appellant,

v

MATTHEW R. COOPER and SCHUITMAKER COOPER & CYPHER, PC,

Defendants-Appellees.

UNPUBLISHED
August 11, 2022

No. 357566
Van Buren Circuit Court
LC No. 2019-069487-NM

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff's family formerly owned and operated Muvrin Farms, a fruit orchard in Paw Paw, Michigan. After the intestate death of plaintiff's brother, Charles Muvrin, Jr. (Chuck),[1] on March 21, 2001, the financial management of the farm was left in the hands of plaintiff and her three siblings: Joseph Muvrin (Joe), Lorraine Brown (Lori), and Pamela McCorrey (Pam). Defendant Matthew R. Cooper (Cooper), Chuck's neighbor and best friend, agreed that he and his law firm would provide legal representation in the probate court proceedings after Chuck's death. On September 3, 2008, defendants filed a petition with the Van Buren Probate Court to open an informal probate estate. In accordance with that petition, the probate court appointed plaintiff and her three siblings as co-personal representatives of the estate.

According to plaintiff, she discovered in 2017 that Joe had been commingling assets, using estate funds as his own, maintaining inaccurate records, and significantly decreasing the value of

---

[1] Chuck took over the management of the farm from his father, Charles Muvrin, Sr., who passed away in 2000.

the estate. Plaintiff filed suit on August 30, 2019, alleging legal malpractice against defendants for filing an incorrect inventory report, failing to amend the inventory report, and failing to make the estate file annual accounts. Plaintiff contended that defendants, despite agreeing to represent the estate, had negligently allowed the estate to be devalued by Joe's spending. Defendants moved the trial court for summary disposition, arguing that plaintiff's malpractice claim failed because she was the only co-personal representative bringing suit and she had failed to obtain the concurrence of the other co-personal representatives. The trial court granted defendants' motion, finding that plaintiff had not shown the existence of an attorney-client relationship and that defendants had only represented plaintiff in her capacity as a co-personal representative. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). We must accept all well-pleaded factual allegations as true and consider the evidence in the light most favorable to the nonmoving party. *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994); *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010).

A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The moving party can satisfy its burden of showing that there is no genuine issue of material fact by submitting evidence that negates an essential element of the nonmoving party's claim or by demonstrating that the nonmoving party's evidence cannot establish an essential element of the nonmoving party's claim or defense. *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996). Once the moving party meets the initial burden, the burden shifts to the nonmoving party to submit evidence establishing there is a genuine issue of material fact. *Id*. at 362, citing *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420; 522 NW2d 335 (1994).

We review de novo issues arising from the interpretation and application of statutes. *Piasecki v City of Hamtramck*, 249 Mich App 37, 39; 640 NW2d 885 (2001). Courts apply statutes according to their plain language. *Devillers v Auto Club Ins Assoc*, 473 Mich 562, 582; 702 NW2d 539 (2005).

## III. ANALYSIS

Plaintiff contends the trial court erred by granting defendants' motion for summary disposition, because she brought this action in her personal capacity, seeking damages she suffered personally, and because she established the existence of an attorney-client relationship with defendants. We disagree.

As the trial court stated, the issue in this case is "whether the beneficiary of a decedent's estate has standing to sue the attorney of the estate's personal representatives for legal malpractice that allegedly diminished the value of the estate." In Michigan, a personal representative of an estate is a fiduciary. MCL 700.3703. A personal representative may hire a lawyer to "perform

necessary legal services or to advise or assist the personal representative in the performance of the personal representative's administrative duties." MCL 700.3715. "An attorney filing an appearance on behalf of a fiduciary shall represent the fiduciary." MCR 5.117(A).

"To state a claim for legal malpractice, a plaintiff must allege (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence was the proximate cause of an injury, and (4) the fact and the extent of the injury alleged." *Kloian v Schwartz*, 272 Mich App 232, 240; 725 NW2d 671 (2006); see also *Persinger v Holst*, 248 Mich App 499, 502; 639 NW2d 594 (2001); *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995).

An attorney generally can only be held liable for negligence that harms his client. *Mieras v DeBona*, 452 Mich 278, 298; 550 NW2d 202 (1996). However, Michigan law recognizes some limited exceptions to this rule. For instance, named estate beneficiaries may, in some circumstances, bring a malpractice action against the attorney who drafted a testamentary document, even though those beneficiaries do not have an attorney-client relationship with that attorney. *Mieras*, 452 Mich at 308. However, this exception is narrow and exists because of the low risk of conflicts of interest as well as a lack of any other available remedy. *Id*. at 301; *Bullis v Downes*, 240 Mich App 462, 468; 612 NW2d 435 (2000); *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 259; 571 NW2d 716 (1997). In general, "[t]here has been a reluctance to permit an attorney's actions affecting a nonclient to be a predicate to liability because of the potential for conflicts of interest that could seriously undermine counsel's duty of loyalty to the client." *Beaty*, 456 Mich at 254.

MCL 700.3717 states, in relevant part: "[I]f 2 or more persons are appointed personal corepresentatives and unless the will provides otherwise, the concurrence of all is required on an act connected with the estate's administration or distribution." MCL 700.3717.

The trial court did not err by granting defendants' motion. First, as the trial court noted, plaintiff is unable to show the required attorney-client relationship. *Persinger*, 248 Mich App at 502; *Kloian*, 272 Mich App at 240. The record shows that defendants represented her in her capacity as a personal representative of the estate, not as an individual beneficiary. A personal representative is responsible for the management and distribution of the estate's assets, and is legally distinct from a beneficiary. See *Karam*, 253 Mich App at 429.

Plaintiff asserts that her lawsuit was brought in her individual capacity as a beneficiary of the estate, and seeks damages for losses alleged to have been suffered by her personally. But the scope of defendants' responsibilities was limited to plaintiff's role as a personal representative of the estate. The trial court therefore did not err by dismissing her legal malpractice claim as a beneficiary of the estate because defendants never represented her in that capacity.

Plaintiff argues that Cooper stated at deposition that he owed a duty to his clients, the personal representatives, and that this was acknowledgment of the existence of an attorney-client relationship between her and defendants. However, plaintiff reads too much into this portion of Cooper's testimony, in which he only stated that "[t]he PRs are my client [sic]." Cooper subsequently elaborated that he had a duty of care to the estate because the personal representatives were fiduciaries of the estate. He reiterated this point again later in his deposition. None of these

statements suggest the existence of an attorney-client relationship between defendants and plaintiff outside defendants' representation of plaintiff as a personal representative.

Plaintiff also cites *Maki v Coen*, 318 Mich App 532, 541; 899 NW2d 111 (2017), to claim that defendants owed a duty of care to plaintiff as an individual beneficiary of the estate. We disagree. We determined in *Maki* that an attorney hired by a conservator owed a duty of care to the conservator. *Id*. Plaintiff argues that the same should apply to legal malpractice cases brought by personal representatives in their individual capacities. However, we are aware of no indication in Michigan caselaw—nor does plaintiff bring any such authority to our attention—that decisions applying to conservators can be unilaterally applied to personal representatives. Moreover, both MCL 700.5423 (the provision at issue in *Maki* governing the power of conservators) and MCL 700.3703 focus on the services provided to the conservator or personal representative, respectively—not to any other interested party. In fact, contrary to plaintiff's assertion, defendants' representation was consistent with *Maki* because *Maki* held that an attorney hired to provide legal services for a conservator represented the conservator only. Therefore, to the extent it is relevant at all, *Maki* suggests that an attorney hired to represent a personal representative only represents them in the context of their duties as a personal representative.

Plaintiff also cites a trio of estate cases—*Mieras*, 452 Mich 278, *Karam v Law Offices of Ralph J Kliber*, 253 Mich App 410; 655 NW2d 614 (2002), and *Bullis*, 240 Mich App 462—for the proposition that this case is similar to that of a beneficiary bringing a malpractice action against an attorney who drafted an estate planning document. However, this argument also falls short. There was no testamentary instrument in this case, and the key principle from the three cited cases applies only to the negligent drafting of testamentary instruments. Plaintiff cites no authority extending that principle to the context of an estate's beneficiary bringing a legal malpractice action against the attorney hired to represent the personal representatives. *Mieras* held that named beneficiaries can sue the drafting attorney for negligent drafting, but only if the will fails to "properly effectuate the distribution scheme set forth by the testator in the will." *Mieras*, 452 Mich at 302. *Bullis* simply applied the *Mieras* holding to trusts, *Bullis*, 240 Mich App at 468, and *Karam* confirmed that the *Mieras* holding applied only to the specific context in which a beneficiary asserts that the attorney drafted a document that failed to carry out the testator's intent. *Karam*, 253 Mich App at 425. As the trial court recognized, this exception has not been extended to claims of allegedly negligent legal advice or negligence in the management of an estate.

For these reasons, the trial court did not err by granting defendants' motion for summary disposition. There was no genuine issue of fact that defendants represented plaintiff only in her capacity as a personal representative, and plaintiff therefore failed to establish a genuine issue of material fact concerning an essential element of her malpractice claim.

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien