*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OPHELIA J EPPS,

        Plaintiff-Appellant,

and

MICHIGAN HEAD & SPINE INSTITUTE,

        Intervening Plaintiff,

v

UNITED SERVICES AUTOMOBILE
ASSOCIATION and GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendants,

and

DESTINY JOHNSON, RENT A CENTER EAST
INC, and TAMMY JONES,

        Defendants-Appellees.

UNPUBLISHED
November 3, 2022

No. 357818
Wayne Circuit Court
LC No. 19-014418-NF

Before: RICK, P.J., and O'BRIEN and PATEL, JJ.

PER CURIAM.

In this third-party negligence case under the no-fault act, MCL 500.3101 *et seq.*, plaintiff-appellant Ophelia Epps appeals by right the trial court order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendants-appellees Destiny Johnson, Rent-A-Center East, Inc. (Rent-A-Center), and Tammy Jones (defendants).[1] On appeal,

---

[1] Prior to entering the order challenged on appeal, the trial court granted summary disposition in favor of defendant United States Automobile Association (USAA) and dismissed the first-party

plaintiff argues that the trial court erred by determining that her vehicle registration, rather than her residency status, controlled whether she was required to have no-fault insurance coverage under MCL 500.3101(1). Plaintiff further argues that the trial court erred by granting summary disposition because MCL 500.3163 controlled. We affirm.

## I. BACKGROUND

This case arises from an automobile accident on March 3, 2019, between plaintiff Epps and defendants Tammy Jones and Destiny Johnson. Plaintiff alleged that defendants Johnson and Jones negligently operated their respective motor vehicles causing an accident.[2] Johnson was driving a vehicle owned and registered to defendant Rent-A-Center at the time of the accident. Plaintiff asserted that her motor vehicle was rear ended by the vehicles driven by Johnson and Jones, and she was seriously injured as a result.

The main issue in this case, is whether plaintiff, who claimed she was a Georgia resident and nonresident of Michigan, was required to maintain a Michigan no-fault insurance policy where her motor vehicle was registered in Michigan. Plaintiff leased the motor vehicle involved in the accident from a dealership in Ann Arbor. Plaintiff asserted that she had been a Georgia resident since 2012. Plaintiff had a Georgia driver's license and mailing address However, plaintiff's vehicle, which had been registered to plaintiff since January 2018, was registered in Michigan to an address located in Eastpointe, and it had a Michigan license plate. Plaintiff purchased a Georgia automobile insurance policy issued by Garrison for the vehicle, and she used her Georgia address to obtain the policy.

In March 2019, plaintiff visited Michigan. Plaintiff asserted that she drove her vehicle to Michigan for work and planned to stay in Michigan for one or two weeks. On March 9, 2019, plaintiff was driving her vehicle and was stopped at an intersection in Detroit. Plaintiff asserted that Johnson was operating a vehicle owned by Rent A Center, which struck plaintiff's vehicle because Johnson allegedly traveled too closely behind plaintiff's vehicle. Jones was also allegedly operating a vehicle too closely behind Johnson, resulting in Johnson's vehicle being struck by Jones's vehicle, which caused Johnson's vehicle to strike plaintiff's vehicle a second time.

---

no-fault claims alleged by Epps and intervening plaintiff Michigan Head & Spine Institute. Subsequently, the claims against Garrison Property and Casualty Insurance Company (Garrison) were also dismissed. USAA, Garrison, and Michigan Head & Spine are not parties to this appeal, and plaintiff does not challenge the order granting summary disposition in favor of USAA in this appeal. Accordingly, in this opinion, "plaintiff" refers to Epps and "defendants" refers collectively to defendant-appellees Johnson, Jones, and Rent-A-Center, unless otherwise indicated.

[2] We note that all references herein to the no-fault act are to the version in effect before June 11, 2019. The no-fault act was substantially amended by 2019 PA 21, effective June 11, 2019. However, this case was "commenced before the amendment and, therefore, it is controlled by the former provisions of the no-fault act." *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

In October 2019, plaintiff filed a complaint against defendants and USAA, which was subsequently amended in May 2021.[3] Plaintiff first alleged that she was entitled to first-party no-fault benefits, including personal injury protection (PIP) benefits, from USAA. Next, plaintiff alleged third-party claims against Johnson and Jones, asserting that Johnson and Jones negligently operated their respective motor vehicles causing the accident, resulting in serious injuries to plaintiff. Related to the claim against Johnson, plaintiff asserted a claim of ownership liability against Rent-A-Center. Plaintiff further alleged breach of contract claims against Garrison for breaching the insurance contract.

In February 2021, defendant USAA moved for summary disposition under MCR 2.116(C)(8) and (C)(10) against plaintiffs Epps and Michigan Head and Spine. USAA asserted that plaintiffs' were disqualified under MCL 500.3113(b) because Epps failed to maintain the security required by MCL 500.3101(1). The trial court granted the motion in favor of USAA.

In April 2021, defendants filed a joint motion for summary disposition under MCR 2.116(C)(10) to dismiss plaintiff Epps' claims. Relying on the same facts and reasoning put forth by USAA, defendants argued that plaintiff's third-party claims were barred under MCL 500.3135(2)(c) because she failed to have the security required by MCL 500.3101(1). In response, plaintiff argued that she was not precluded from bringing third-party claims as a result of maintaining a Georgia insurance policy rather than a Michigan one. Plaintiff asserted that she was an out-of-state resident of Georgia and was eligible to recover tort damages for noneconomic losses under MCL 500.3135(3). Further, she asserted that her Georgia policy provided "personal protection insurance, property protection insurance and residual liability insurance as required by the Michigan statute," and that MCL 500.3101 did not require a Michigan specific policy. Moreover, plaintiff asserted that she was entitled to recover third-party noneconomic damages as a nonresident even if she had not been insured. In sum, plaintiff argued that MCL 500.3135(2)(c) did not apply because she was an out-of-state resident, who had not been in the state for 30 days, and, therefore, she was not precluded from recovering noneconomic damages. In reply, defendants reasserted that plaintiff's third-party claims were barred under MCL 500.3135(2)(c), arguing that plaintiff was required to have the required security under MCL 500.3101(1) because she had registered her vehicle in Michigan and that the Georgia policy was insufficient.

At the motion hearing, the parties argued consistent with their briefs. Plaintiff also asserted that, although she did not have "Michigan PIP benefits," she had the Georgia insurance policy and that the no-fault statute did not require her to have "Michigan specific PIP benefits." The trial court found that plaintiff was the operator of the vehicle at the time of the accident, she had leased the vehicle and it was registered in Michigan, and the vehicle was insured by a Georgia insurance policy. The trial court concluded that there was no dispute that the accident occurred, that plaintiff was driving the vehicle that was registered in Michigan and owned by plaintiff, that the vehicle had a Michigan license plate, and that plaintiff did not have a Michigan no-fault policy in effect at the time of the accident. The court concluded that the no-fault act required owners and registrants of motor vehicles in Michigan to maintain no-fault insurance. Although the court recognized that

---

[3] In the first complaint, plaintiff identified USAA as the insurer, not Garrison. Plaintiff subsequently amended her complaint and named Garrison as the proper insurer.

plaintiff claimed she was a nonresident, it concluded that her claims were barred by MCL 500.3135(2)(c) because she failed to maintain a valid Michigan no-fault policy, and granted the motion in favor of defendants.

This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues the trial court erred by granting summary disposition under MCR 2.116(C)(10) in favor of defendants. For the first time on appeal, plaintiff argues that the Georgia policy satisfied the requirements of MCL 500.3101 under MCL 500.3163, and that the trial court failed to consider whether her policy insurer, Garrison, was certified in Michigan under MCL 500.3163. Relatedly, plaintiff also argues that the trial court erred by concluding that, as a nonresident, she was required to have a Michigan no-fault insurance policy in order to recover third-party claims against defendants. She asserts that her residency, rather than the vehicle registration, was the critical fact the trial court should have considered. We disagree.

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665. A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and "may only be granted when there is no genuine issue of material fact." *Id*. at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

Issues of statutory interpretation are also reviewed de novo. *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167, 180; 934 NW2d 674 (2019).

> The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute. The focus of our analysis must be the statute's express language, which offers the most reliable evidence of the Legislature's intent. Where the statutory language is clear and unambiguous, the statute must be applied as written. A court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Neither will this Court rewrite the plain statutory language and substitute our own policy decisions for those already made by the Legislature. [*Id*. at 180 (cleaned up).]

### B. MCL 500.3163

Plaintiff asserts that MCL 500.3163 controlled this case, arguing that her Georgia insurance policy fulfilled the necessary coverage requirements for nonresidents under MCL 500.3163, which satisfied MCL 500.3101. An issue is preserved if it is raised in the trial court and pursued on appeal. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). As conceded by plaintiff, plaintiff failed to argue that MCL 500.3163 applied to this case below. Therefore, this issue is unpreserved.

-4-

The failure to timely raise an issue generally waives appellate review of that issue. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Although we need not review issues raised for the first time on appeal, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-193; 920 NW2d 148 (2018) (quotation marks and citation omitted). However,

> "while an appellate court has the inherent power to review an unpreserved claim of error, our Supreme Court has emphasized the fundamental principles that 'such power of review is to be exercised quite sparingly' and that the inherent power to review unpreserved issues 'is to be exercised only under what appear to be compelling circumstances to avoid a miscarriage of justice or to accord a [criminal] defendant a fair trial.' " [*Id*. at 193, citing *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987) (alteration in original).]

Plaintiff acknowledges that she failed to raise any arguments related to MCL 500.3163 in the trial court. However, plaintiff "may not remain silent in the trial court and then hope to obtain appellate relief on an issue that they did not call to the trial court's attention." *Id*. at 194. We conclude that there is no apparent reason for us to exercise our discretion to review this issue. It does not present a question that must be addressed in order to properly resolve this case, and plaintiff has failed to argue or explain how manifest injustice would result if we decline to review it. Accordingly, we decline to review plaintiff's argument that MCL 500.3163 controlled the case, that the trial court erred by failing to consider it, and plaintiff's related arguments.

## C. RESIDENCY AND REGISTRATION

Plaintiff also argues that the trial court erred by concluding that she was required to have a Michigan no-fault policy as a result of plaintiff registering the motor vehicle in Michigan as the registered owner because the trial court failed to consider the "threshold question" of whether she was a nonresident of Michigan. Although plaintiff did not directly assert that she was not required to register her vehicle in Michigan, she argued that she was not required to have any insurance in order to assert a third-party claim and her claims were not barred under MCL 500.3135(2)(c) because she was a resident of Georgia who had not been in Michigan for 30 days. Therefore, to the extent that plaintiff argues that the trial court should have considered her residency, this issue is preserved.

The owner or registrant of a vehicle involved in an accident is not entitled to PIP benefits if the required insurance is not in effect. MCL 500.3113(b). Likewise, a party may not recover tort damages arising out of an automobile accident if that party "was operating his or her own vehicle at the time" and did not maintain the insurance required by MCL 500.3101(1). MCL 500.3135(2)(c), as amended by 2012 PA 158. Although plaintiff does not dispute that her

vehicle was registered in Michigan, she argues that she was not *required* to do so, and therefore MCL 500.3101(1) was inapplicable.[4]  We disagree.

The previous version of MCL 500.3101(1), as amended by 2017 PA 140, provided, in relevant part:

> The owner or registrant of a motor vehicle *required* to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.  Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway.  [Emphasis added.]

The act defines an "owner" to include:

> (*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.
>
> * * *
>
> (*iii*) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days.  [MCL 500.3101(3)(l).]

MCL 257.216 provides, with certain exceptions not applicable here, that "every motor vehicle . . . when driven or moved upon a highway, is subject to the registration and certificate of title provisions of this act."  Generally, nonresidents who own a motor vehicle registered in another state are exempt from the registration requirements under the Michigan Vehicle Code, MCL 257.1 *et seq*.  MCL 257.243(1) provides:

> A nonresident owner, except as otherwise provided in this section, owning any foreign vehicle of a type otherwise subject to registration under this act may operate or permit the operation of the vehicle within this state without registering the vehicle in, or paying any fees to, this state if the vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place of residence of the owner.

However, nonresident owners are required to register their vehicle in Michigan under certain circumstances.  See i.e., MCL 257.243(4) (requiring a nonresident owner of a pleasure vehicle to register their vehicle when operated in the state for more than 90 days).  This Court has recognized that "Michigan residents must register their vehicles and maintain adequate insurance under the act, and out-of-state residents must obtain Michigan no-fault coverage if they operate a vehicle in

---

[4] Notably, plaintiff does not explain why her vehicle was registered in Michigan on appeal.

Michigan for more than 30 days in a calendar year pursuant to MCL 500.3102(1)." *Tienda v Integon Natl Ins Co*, 300 Mich App 605, 620 n 3; 834 NW2d 908 (2013). Therefore, it follows that an alleged nonresident owner who registered their vehicle in Michigan must maintain the required insurance under the Michigan no-fault act to remain eligible for benefits under the Michigan no-fault insurance system. See *id*. Because plaintiff registered her vehicle in Michigan, she was required to maintain the required coverage under MCL 500.3101(1).

"The language of MCL 500.3135(2)(c) is unambiguous: individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages." *Brickey v McCarver*, 323 Mich App 639, 648; 919 NW2d 412 (2018). In the trial court, plaintiff acknowledged that the Georgia policy did not include Michigan PIP benefits. Because plaintiff failed to maintain the required coverage under MCL 500.3101(1), her third-party claims were barred by MCL 500.3135(2)(c). Therefore, the trial court did not err by granting summary disposition in favor of defendants.

Affirmed.

/s/ Michelle M. Rick
/s/ Colleen A. O'Brien
/s/ Sima G. Patel