*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT WHITNEY,

      Plaintiff-Appellant,

v

NEAL MARVIN WILCOXSON, and PMP
ENTERPRISES, INC,

      Defendants-Appellees.

UNPUBLISHED
December 15, 2022

No. 360647
Midland Circuit Court
LC No. 21-7767-NI

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Plaintiff, Robert Whitney, suffered severe injuries when his car, which was disabled on the side of a freeway, was hit by a truck defendant Neal Marvin Wilcoxson was driving for defendant PMP Enterprises, Inc. (PMP). Plaintiff had no motor-vehicle insurance at the time of the collision. Plaintiff's complaint set forth claims for negligence and motor vehicle ownership liability pursuant to MCL 257.401. The trial court awarded summary disposition to defendants on both claims under MCR 2.116(C)(7) based on the preclusive language of the no-fault act, MCL 500.3135(2)(c), that applies to those "injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101." *Brickey v McCarver*, 323 Mich App 639, 648; 919 NW2d 412 (2018). Because the trial court erred in applying the no-fault act's preclusive language to foreclose plaintiff's claim for noneconomic damages because he was an uninsured driver "operating a motor vehicle" at the time of the collision, we reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

On March 3, 2021, plaintiff was driving westbound on US-10 when his vehicle died, so he coasted to the side of the freeway and stayed in the disabled vehicle. Defendant Wilcoxson, who was driving a semi-truck for PMP westbound on US-10, lost control of his truck and hit plaintiff's disabled vehicle. Both vehicles overturned and plaintiff suffered numerous significant injuries as a result of the crash. On April 26, 2021, plaintiff filed a two-count complaint against Wilcoxson and PMP claiming "negligence/gross negligence" and "motor vehicle ownership liability" under MCL 257.401 and requesting damages for pain and suffering, mental anguish, and other losses.

Defendants asserted, as an affirmative defense, that "the Proofs may show that one, some or all of Plaintiff's claims are barred because Plaintiff did not have the requisite residual liability coverage as required by the Michigan No-Fault Act."

Defendants eventually moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), contending that plaintiff was the sole owner of the vehicle Wilcoxson hit and that plaintiff had no insurance for the vehicle at the time of the crash. Defendants argued that because plaintiff was operating his vehicle without insurance at the time of the collision, he was precluded by MCL 500.3135(2)(c) from recovering noneconomic damages. Plaintiff effectively conceded that he had no motor-vehicle insurance at the time of the collision, but he opposed summary disposition based on the fact that he was not operating his vehicle at the time of the crash, as contemplated by MCL 500.3135(2)(c). From the bench, the trial court ruled that plaintiff's uninsured status foreclosed his request for noneconomic damages, stating: "The fact that [plaintiff's vehicle] was, you know, motionless on the side of the road at the time it was hit, I – I don't believe makes any difference under the case law as I understand it to be." The trial court built that assertion on the premise "that there is no question of fact that Plaintiff was operating a vehicle on a highway without insurance" because his "car would not have been hit had he not been operating the vehicle on a highway." As a result, the trial court awarded summary disposition to defendants and memorialized its decision in an order issued on March 7, 2022. Plaintiff thereafter appealed.

## II. LEGAL ANALYSIS

Plaintiff contends that the trial court erred in invoking MCL 500.3135(2)(c) to preclude his claim for noneconomic damages. Although plaintiff readily concedes that he had no motor-vehicle insurance at the time of the collision, he insists that there exists an issue of fact as to whether he was operating his vehicle at the time of the crash that caused his injuries. The trial court awarded summary disposition to defendants "on an immunity defense for purposes of [MCR 2.116](C)(7)," and "[t]his Court reviews de novo a circuit court's decision on a motion for summary disposition brought under MCR 2.116(C)(7)." *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). Furthermore, the trial court's invocation of "immunity is a question of law that this Court reviews de novo on appeal." *Beals v Michigan*, 497 Mich 363, 369; 871 NW2d 5 (2015).

The outcome of this appeal turns upon MCL 500.3135(2)(c), which states that:

Damages must not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101(1)[1] at the time the injury occurred.

---

[1] Under MCL 500.3101(1):

Except as provided in sections 3107d and 3109a, the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance and property protection insurance as

We have expressly stated that "[t]he language of MCL 500.3135(2)(c) is unambiguous: individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages." *Brickey*, 323 Mich App at 648. Accordingly, under MCL 500.3135(2)(c), damages under MCL 500.3135(1) "must not be assessed in favor of a party" if two conditions are satisfied. First, the party "was operating his or her own vehicle at the time the injury occurred[.]" MCL 500.3135(2)(c). Second, the party "did not have in effect for that motor vehicle the security required by section 3101(1) at the time the injury occurred." *Id*.

The trial court believed that defendants did not need to establish that plaintiff was operating his vehicle at the time the injury occurred. That understanding conflicts with the plain language of MCL 500.3135(2)(c). The trial court cited *Dewey v Auto Club Group Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued February 20, 2020 (Docket No. 346556), as a basis for that approach. To the extent that the panel in *Dewey* concluded that it is irrelevant whether the plaintiff was operating a vehicle at the time of the collision, that approach constitutes an inaccurate interpretation of MCL 500.3135(2)(c). Unpublished opinions are not binding on this Court, see *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010); see also MCR 7.215(C)(1), and to the extent that *Dewey* conflicts with the unambiguous language of MCL 500.3135(2)(c), this Court must follow the statute.

In their appellees' brief, defendants conflate the analysis that must be performed to decide whether motor-vehicle insurance was required at the time of the injury with the separate question of whether plaintiff was operating his vehicle at the time of the injury. Whether the injury occurred when plaintiff intended the vehicle to be driven on a highway is relevant to whether insurance was required at that time. See MCL 500.3101(1). But that inquiry is not relevant in deciding whether defendants satisfied the first prong of the MCL 500.3135(2)(c), which requires that plaintiff "was operating his or her own vehicle at the time the injury occurred[.]" MCL 500.3135(2)(c). Thus, the defendants' reliance on *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765; 887 NW2d 635 (2016), is entirely misplaced. In *Shinn*, we considered whether, pursuant to MCL 500.3101, the plaintiff "was not required to maintain security for payment of PIP benefits because the vehicle was not being 'driven or moved upon a highway' " as contemplated by MCL 500.3101(1). *Id.* at 773. That analysis based upon the language of MCL 500.3101(1) is entirely separate from whether plaintiff here "was operating his . . . own vehicle at the time the injury occurred" as envisioned by MCL 500.3135(2)(c).

That leaves us with the plain language of MCL 500.3135(2)(c), which obligates defendants to show that plaintiff was operating his own vehicle at the time his injury occurred. The trial court explained that plaintiff's "car would not have been hit had he not been operating the vehicle on a highway[,]" so "[t]he fact that it was . . . motionless on the side of the road at the time it was hit, I don't believe makes any difference under the case law as I understand it to be." That reasoning cannot be squared with the requirement that plaintiff "was operating his . . . vehicle *at the time the*

---

required under this chapter, and residual liability insurance. Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway.

*injury occurred.*" MCL 500.3135(2)(c) (emphasis added). Thus, we must reverse the trial court's award of summary disposition under MCR 2.116(C)(7) and remand the case to the trial court for additional proceedings consistent with this opinion.[2]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

---

[2] Plaintiff testified in his deposition that his vehicle had "died" so he had coasted to the side of the road and was "sitting there." Thus, there is at least a question of fact as to whether plaintiff was operating his vehicle at the time of his injury. That factual dispute renders summary disposition under MCR 2.116(C)(7) inappropriate. See *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010).